## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

ROBERT E. BARNES, JR.,             *

Plaintiff,                    *

v.                           *        Civil Action No. ELH-21-1950

PSYCHOLOGIST Z. ROBERTS, and    *
MARYLAND CORRECTIONAL
INSTITUTION, JESSUP,            *

Defendants.                 *

                               ***

## MEMORANDUM

The self-represented plaintiff, Robert E. Barnes, Jr., is presently incarcerated at Western Correctional Institution ("WCI"). He has filed a Complaint pursuant to 42 U.S.C. § 1983, against Z. Roberts, a psychologist, and the Maryland Correctional Institution-Jessup ("MCIJ"). Plaintiff has also submitted exhibits. ECF 1-1. He alleges that defendants defamed his character and slandered his name, resulting in his transfer from MCIJ to WCI; loss of his prison job; and "mental anguish, etc." ECF 1 at 3; ECF 1-1. Plaintiff seeks monetary damages as relief.

Plaintiff has also filed a motion for leave to proceed in forma pauperis (ECF 2). I will grant that motion. However, for the reasons discussed below, plaintiff's Complaint will be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim.

The court is required to conduct an initial screening of this Complaint and dismiss any claims that are (i) frivolous or malicious; (ii) fail to state a claim upon which relief may be granted; or (iii) seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *see also Lomax v. Ortiz-Marquez,* ___ U.S. ___, 140 S.Ct. 1721 (2020). Here, the Complaint is deficient because defendant MCIJ is not amenable to suit in a § 1983 proceeding, and there are no cognizable federal claims against the remaining defendant, Z.

Roberts. Requiring plaintiff to amend the complaint would be futile and serve only to delay resolution of this case.

## I.  DISCUSSION

To state a claim under Section 1983, a plaintiff must allege that: 1) a right secured by the Constitution or laws of the United States was violated and 2) the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

### A.  Claims against MCIJ

MCIJ is a unit of the Maryland Department of Public Safety and Correctional Services and is not subject to suit under § 1983 in federal court. *See Davis v. Maryland Correctional Institution, Jessup*, Civil Action No. DKC-17-3521, 2018 WL 4108032 at *6 (D. Md. August 29, 2018). A number of courts have held that inanimate objects such as buildings, facilities, and grounds do not act under color of state law and thus are not subject to suit under § 1983.  *See* , *e.g.*, *Smith v. Montgomery County. Correctional Facility*,  Civil Action No.  PWG-13-3177, 2014 WL 4094963, at *3 (D. Md. Aug. 18, 2014) (holding that Montgomery County Correctional Facility "is an inanimate object that cannot act under color of state law and therefore is not a 'person' subject to suit under Section 1983."); *Preval v. Reno,* 57 F.Supp.2d 307, 310 (E.D. Va. 1999) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); *Brooks v. Pembroke City Jail*, 722 F.Supp. 1294, 1301 (E.D. N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit.").

Accordingly, the claims against MCIJ will be dismissed.

### B. Claims against Roberts

The Complaint references defendant Roberts, and was filed with several exhibits, one of which is a Notice of Rule Violation.  It was signed by Roberts (ECF 1-1 at 1), alleging that at

MCIJ on March 3, 2021, plaintiff yelled at her "'yo shawty, hey Roberts, let me holler at you.'" ECF 1-1 at 1.  Barnes again yelled and cursed at Roberts, stating "'fuck you bitch, you fucking ugly stink bitch, you want to ignore me. I"ll spit on you like I spit on the judge, I don't give a fuck.'" *Id.*  In addition, plaintiff threatened Roberts, stating:  "'I am going to fuck you up.'"  *Id.* Roberts indicated that she did "not feel safe" with plaintiff on the compound because it seemed he was inappropriately directing his anger at her.  *Id.*  Plaintiff was placed on administrative segregation and was unable to work his prison job in special maintenance.  *Id.* at 15.

Plaintiff contends that Roberts's allegations are false.  Nevertheless, he acknowledges that he cursed at Roberts after he tried "to ask [her] politely" to speak with him, and she "ignored" him. *Id.* at 3-4.

On March 10, 2021, plaintiff pleaded not guilty before a hearing officer to the charge of violating rules 104 (making threats that include using physical harm) and 410 (use of vulgar language).  *Id.* at 2, 7.  Plaintiff accepted issuance of an incident report as an informal resolution of the matter and the charges were dismissed. *Id.* at 8.  No determination of guilt was made.  *Id.* at 16.

In a memorandum to plaintiff from Jama Acuff, Warden of MCIJ, dated March 16, 2021, the Warden explained that Barnes was not found guilty, nor was he found not guilty.  ECF 1-1 at 16.  Plaintiff was also informed that he was being transferred to another facility because he had "threatened an employee and it would be inappropriate" for plaintiff to remain in the institution where [the employee] works."  *Id.*

In the Complaint, plaintiff alleges no violations of constitutional or federal law against Roberts to state a claim cognizable in a §1983 proceeding.  Defamation and slander are causes of action premised on state law.  Further, inmates generally do not have a constitutionally protected

right to work while incarcerated. *Ward v. Moyer*, GJH-15-1104, 2016 WL 393861, n.8 (D. Md. 2016) (citing *Awalt v. Whalen*, 809 F. Supp. 414, 416-17 (E.D. Va. 1992); *Altizer v. Paderick,* 569 F.2d 812, 815 (4th Cir. 1978)); *Blankumsee v. Galley*, PWG-15-837, 2016 WL 270073, at \*7 (D. Md. 2016) (citing *Sandin v. Conner*, 515 U.S. 472, 484 (1994)). Insofar as plaintiff takes issue with his transfer to another prison, an inmate has no constitutional right to be confined to a particular institution, *Meachum v. Fano*, 427 U.S. 215, 223 (1976), nor any "justifiable expectation" that he will be confined in a particular prison. *See Olim v. Wakinekona*, 461 U.S. 238, 245-46 (1983).  Accordingly, plaintiff has failed to set out a colorable federal claim.

If a litigant has three actions or appeals dismissed under the provisions of 28 U.S.C. §§ 1915(e)(2)(B)(i)(ii) and 1915A(b)(1) as frivolous, malicious, or for failure to state a claim while he is incarcerated, his right to file a complaint in federal court without first paying the filing fee ($402) will be greatly curtailed. *See* 28 U.S.C. § 1915(g).

## II.  CONCLUSION

For the reasons set forth above, I will dismiss this case pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.  This dismissal constitutes a "strike" under 28 U.S.C. § 1915(g).

A separate Order follows.


<u>August 24, 2021</u>
Date

<u>      /s/        </u>
Ellen L. Hollander
United States District Judge